UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>LISA HOFSCHULZ and<br>ROBERT HOFSCHULZ,<br>      Defendants. | Case No. 18-cr-00145<br><br>Hon. Pamela Pepper<br>Magistrate Judge William E. Duffin |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LISA HOFSCHULZ'S MOTION TO SUPPRESS

The Defendant, LISA HOFSCHULZ ("Defendant") hereby respectfully submits this reply memorandum in support of her motion to suppress the toxicology report, autopsy report, death certificate, and any testimony or forensic evidence regarding the cause of F.E.'s death.

**1. Hofshulz's Motion Was Timely Filed**

The United States filed a superseding indictment on February 26, 2019, eight months after a grand jury indicted Lisa Hofschulz and Robert Hofschulz. *See* Doc. 29. This indictment added a death-resulting charge against Lisa Hofshulz. *Id.* The Court set a pretrial motion deadline of April 15, 2019. *See* Doc. 32. The present Motion to Suppress was filed before that deadline, on April 12, 2019. *See* Doc. 33-34.

The Motion to Suppress relates to the added death-resulting charge filed in the superseding indictment, as it specifically addresses the evidence pertaining to the cause of the decedent's death. *Id.* Count One of the original indictment does not make any mention of death relating to controlled substances, and furthermore makes no mention of any individual "F.E." The motion was filed before the April 15, 2019 deadline, so no "good cause" need be demonstrated under Fed. R. Crim. Pro 12(c). Therefore, the Defendant's motion is timely and the court should address the motion on the merits.

### 2. Law Enforcement Knowingly Failed to Preserve Exculpatory Evidence

As outlined in Defendant's Motion to Suppress, law enforcement failed to preserve materially exculpatory evidence. Under Wisconsin law, a defendant's due process rights are violated if the police fail to preserve "apparently" exculpatory evidence. *McCarthy v. Pollard*, 656 F.3d 478, 484 (7th Cir. 2011) (citing *State v. Greenwold*, 189 Wis.2d 59, 525 N.W.2d 294, 296–98 (Wis.Ct.App.1994)). If the state fails to preserve materially exculpatory evidence, a defendant's due process rights are violated because the materiality of the evidence rises above being potentially useful to clearly exculpatory. *Greenwold*, 189 Wis.2d at 69. Evidence is material if it "might be expected to play a significant role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 489, 104 S. Ct. 2528, 2534, 81 L. Ed. 2d 413 (1984) (*citing United States v. Agurs*, 427 U.S. 797,109–110, 96 S.Ct. 2392, 2400 (1976)). The bottles of alcohol, medication bottles, and cash are clearly material to the case, so the destruction of this evidence violates the Defendant's due process rights. These items were immediately apparent to be exculpatory because the Medical Examiner and responding officer were informed while they were on the scene that the decedent was heavily intoxicated at or near the time of his death.

As an initial matter, Plaintiff asserts that a "volatiles" indicator in the autopsy report is a sufficient test for alcohol, but this is not the case. The Medical Examiner knew from the decedent's sister that the decedent had a history of alcoholism. *See* Ex. B. to Defendant's Motion to Suppress, Medical Examiner Report. The Medical Examiner received F.E.'s death certificate from the VA medical center, which listed his cause of death as "acute mixed drug intoxication." *Id.* at 7. Yet the Medical Examiner apparently did not screen for the presence of alcohol. *Id*. at 10. As stated in Defendant's Motion to Suppress, tests such as ethyl glucuronide have been developed to determine post-mortem blood alcohol level. *See* Defendant's Memorandum in Support of Motion to Suppress; Forensic Sci Int. 2014 Aug; 241: 178-82. The autopsy report does

not indicate that an ethyl glucuronide was done to determine F.E.'s blood alcohol level at time of death.

Regardless, it was apparent to Officers at the scene that the physical bottles of alcohol, medication bottles, and cash were material to the cause of death because "the family reported a history of alcoholism," and the decedent's sister "admitted to getting him a bottle of whiskey as she said she was worried he would go out while he was drunk and get his own." *See* Exh. B, p. 4. The decedent's sister clearly informed Officer Joel Bunkelman that she saw her brother alive at 9:30 but that when she last saw the decedent "he was very intoxicated," and that she did not want him to drive to the liquor store and purchased additional whiskey for him that night. *See* Motion to Suppress Ex. C. MPD Report, p. 3. At that moment, Officer Bunkelman was on notice that alcohol was a factor in this investigation. A "mostly full" bottle of whiskey was found at the residence and a bottle of Corona. It is extremely unlikely that F.E. who has been described by his sister as an alcoholic would be intoxicated after drinking a Corona. Plaintiff argued in its Response brief that "the defense can call F.E.'s sister or the investigators to testify about the events and the bottles at the scene," but Officer Bunkelman failed to look for and preserve additional bottles of alcohol found in the house. Any amount of alcohol in the Decedent's system would be exculpatory.

Plaintiff also argues that photos of the pill bottles and pills, and testimony of the officer and F.E.'s sister, is comparable evidence to the physical pill bottle and pills and physical cash. But this is not comparable evidence. First, the officers and sister have not given testimony in this case. It is not evident that they would testify correctly as to the status of the pills or cash. Additionally, the physical pills and cash have value in and of themselves: without the physical pills, it is impossible to determine that all of the pills were prescribed by the Defendant. The physical cash could have been examined to determine if it was stolen from a banking

establishment or counterfeit. The physical evidence of the pills and cash cannot be replaced.

   3. **The Milwaukee Police Department and Medical Examiner's Failure Directly Pertains to F.E.'s Cause of Death**

Defendant's motion is founded on Wisconsin case law that the "destruction of evidence with apparent exculpatory value, even without bad faith—violated a criminal defendant's right to due process of law." *Armstrong v. Daily*, 786 F.3d 529, 556 (7th Cir. 2015). Wisconsin Courts have acknowledged that "*Trombetta* recognizes the alternate remedies of a motion to bar the prosecution or one to suppress the state's secondary evidence. *United States v. Dougherty*, 774 F. Supp. 1181, 1186 (W.D. Wis. 1989) (citing Trombetta, 467 U.S. at 487, 104 S.Ct. at 253). In *Trombetta,* the court described the remedies as "when evidence has been destroyed in violation of the Constitution, the court must choose between barring further prosecution or suppressing—as the California Court of Appeal did in this case—the State's most probative evidence." *California v. Trombetta*, 467 U.S. 479, 487, 104 S. Ct. 2528, 2533, 81 L. Ed. 2d 413 (1984).

Thus, if the Court finds that the Milwaukee Police Department and/or the Medical Examiner failed to preserve apparently exculpatory evidence, Wisconsin case law supports the appropriate remedy of exclusion of the toxicology report, autopsy report, and medical examiner's opinion regarding the decedent's cause of death. Both the Medical Examiner and MPD knew that F.E. was intoxicated at or near the time of death and willfully failed to preserve evidence of his intoxication. This evidence is vital to understanding F.E.'s actual cause of death and whether or not alcohol contributed to his death. The state's collective failure to preserve any evidence that tends to show that the decedent was heavily intoxicated and ingesting his mediation while intoxicated against the explicit instructions of his provider prevents the Defendant from receiving a fair trial.

WHEREFORE Defendant, LISA HOFSCHULZ, respectfully requests that this Honorable Court **GRANT** her instant motion to suppress.

Dated at this 6th day of May, 2019.

        Respectfully Submitted,
        NISTLER LAW OFFICE sc

        /s/ *Brent D. Nistler*
        Brent D. Nistler
        Bar No. 1033990
        *Counsel for Defendant Lisa Hofschulz*
        7000 W. North Ave.
        Wauwatosa, WI 53213-1943
        T: (414) 763-1147
        F: (414) 988-9572
        bnistler@nistlerlaw.com


        Respectfully Submitted,
        CHAPMAN LAW GROUP

        /s/ *Ronald W. Chapman II, L.L.M.*
        Ronald W. Chapman II, L.L.M.
        Michigan Bar No. P73179
        *Counsel for Defendant Lisa Hofschulz*
        1441 W. Long Lake Rd., Ste. 310
        Troy, MI 48098
        T: (248) 644-6326
        F: (248) 644-6324
        rwchapman@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on May 6, 2019, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to any involved non-participants.

/s/ *Brent Nistler.*
Brent D. Nistler
Wisconsin Bar No. 1033990
*Counsel for Defendant Lisa Hofschulz*